UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHOENIX LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause Number: |
| | ) |
| PERNIKOFF CONSTRUCTION COMPANY | ) |
| and ROBIN PERNIKOFF. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT IN INTERPLEADER**

COMES NOW Plaintiff Phoenix Life Insurance Company ("Phoenix Life") and for its Complaint in Interpleader states:

**Parties**

1.  Phoenix Life is an insurance company existing under the laws of the State of New York and having its principal place of business in Hartford, Connecticut. Phoenix Life is duly licensed to do business in the State of Missouri. Therefore, Phoenix Life is a citizen of the States of New York and Connecticut.

2.  On March 18, 1988, Phoenix Life's predecessor issued a policy of life insurance, Policy No. K02516107 (the "Policy"), which insured the life of Michael Pernikoff (the "Insured") for Five Hundred Thousand Dollars ($500,000). A copy of the Policy is attached hereto as **EXHIBIT A** and incorporated by reference.

3.  On March 4, 1988, the Insured completed an application (the "Application") for a policy of life insurance, in the face amount of $500,000. The Application lists Pernikoff Construction Company ("Pernikoff Construction), whose relationship was described as "employer," as the owner and primary beneficiary. A copy of the Application is attached hereto

as **EXHIBIT B** and incorporated by reference. Pernikoff Construction is a corporation existing under the laws of the State of Missouri and having its principal place of business in St. Louis County, Missouri. Therefore, Pernikoff Construction is a citizen of the State of Missouri.

4. Defendant Robin Pernikoff was the Insured's wife and was designated as the primary beneficiary of the Policy on an Amendment Endorsement attached to the Policy. She resides in St. Louis County, Missouri, and is therefore a citizen of the State of Missouri.

### Jurisdiction and Venue

5. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332, in that Phoenix Life, a citizen of the States of New York and Connecticut, is of diverse citizenship from both defendants, who are citizens of the State of Missouri, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(a) because that is the judicial district wherein one or more of the defendants reside and all defendants reside in the State of Missouri.

### Action in Interpleader

7. On July 8, 2009, the Insured died.

8. On July 20, 2009, Robin Pernikoff submitted a Beneficiary Statement to Phoenix Life, claiming entitlement to all of the benefits under the Policy. A copy of the July 20, 2009, Beneficiary Statement is attached hereto as **EXHIBIT C** and incorporated by reference.

9. On August 4, 2009, Pernikoff Construction submitted a Beneficiary Statement to Phoenix Life, claiming entitlement to all of the benefits under the Policy. A copy of the August 4, 2009, Beneficiary Statement is attached hereto as **EXHIBIT D** and incorporated by reference.

10. There is reasonable doubt under Missouri law regarding which party or parties

will be entitled to the proceeds of the Policy.

11. The claims of Robin Pernikoff and Pernikoff Construction are adverse and competing. By paying all or a part of the proceeds of the Policy to either of these parties, Phoenix Life could be subject to double, multiple, or inconsistent liabilities.

12. Phoenix Life has no interest in the proceeds payable under the Policy and is merely an innocent stakeholder wishing to discharge its obligations under the Policy and deliver the proceeds of the Policy to the party entitled thereto.

13. Phoenix Life is ready, willing, and able to pay the proceeds of the Policy to the party entitled thereto. Accordingly, Phoenix Life unconditionally tenders and offers to deposit with the Court, or as this Court otherwise directs, the proceeds of the Policy, plus any applicable interest.

14. Until this Court rules on the issue of the manner in which the proceeds of the Policy should be distributed, Phoenix Life cannot safely determine the proper recipients of the proceeds without risking exposure to multiple liability.

15. Phoenix Life is a disinterested stakeholder and is entitled to recover its costs and reasonable attorneys' fees incurred in bringing this instant action.

WHEREFORE, Phoenix Life prays for a judgment:

a. Permitting Phoenix Life to deposit the proceeds of the Policy, plus any applicable interest, into the Registry of this Court, or as this Court otherwise directs, in full and final satisfaction of Phoenix Life's obligations under the Policy, to be subject to the Order of this Court and to be paid out as the Court shall direct;

b. Restraining each of the defendants by Order and Injunction of this Court from instituting any action against Phoenix Life for recovery of the proceeds of the Policy payable by

reason of the death of the Insured;

 c. Requiring each of the defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject proceeds in this action;

 d. Discharging Phoenix Life, upon payment of the aforementioned proceeds into the Registry of this Court or as otherwise directed by the Court, from any further liability of any kind whatsoever relating to the Policy or its issuance;

 e. Awarding Phoenix Life its costs and attorneys' fees incurred in connection with bringing this action and ordering that such costs and attorneys' fees be paid out of the proceeds of the Policy prior to distribution to the party adjudged to be entitled to the proceeds; and

 f. Awarding Phoenix Life such other and further relief as this Court deems just, equitable, and proper.

Respectfully Submitted,

ARMSTRONG TEASDALE LLP

BY: /s/ Sara Finan Melly
Clark H. Cole #2850
Sara Finan Melly #518155
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070 (phone)
(314) 621-5065 (facsimile)
ccole@armstrongteasdale.com
melly@armstrongteasdale.com

*Attorneys for Plaintiff Phoenix Life Insurance Company*